UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY LYNN JONES, JR.**                                         **CIVIL ACTION**

**VERSUS**                                                        **NO. 22-635**

**HOUMA POLICE DEPARTMENT, ET AL.**                               **SECTION: "B"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Terry Lynn Jones, Jr., a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983.[1] In his original complaint, he named the Houma Police Department as the sole defendant.[2] Thereafter, the Court notified plaintiff that the police department was an improper defendant and afforded him an opportunity to amend his complaint to add proper defendants.[3] He then amended his complaint to add Assistant District Attorney Amanda Mustin as a defendant.[4] In this lawsuit, he claims that he is being prosecuted on a false charge.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

[2] Rec. Doc. 1.

[3] Rec. Doc. 3.

[4] Rec. Doc. 8. In that amended complaint, plaintiff indicated merely that Mustin offered him a plea bargain. However, the Court notes that plaintiff also filed a related lawsuit that likewise named Mustin as a defendant: Jones v. Champagne, Civ. Action No. 22-1364 "B"(3) (E.D. La.). After that lawsuit was transferred to this Court from the United States District Court for the Western District of Louisiana, the undersigned held a Spears hearing in the case. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). The Court hereby notes that, based on his testimony at the hearing, it is clear that plaintiff's claims against Mustin in both lawsuits concern the actions she has taken (or failed to take) as the state's advocate in his criminal proceeding. See MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[5] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not

---

580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court.").

[5] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[6] the undersigned recommends that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### I.  Claims Against the Houma Police Department

As noted, plaintiff sued the Houma Police Department. The claims against that defendant must be dismissed because the Houma Police Department simply is not a proper defendant. See, e.g., Williams v. Houma Police Department, Civ. Action No. 20-0040, 2020 WL 4808651, at *4-5 (E.D. La. July 14, 2020) ("[F]ederal courts have consistently held that the city police departments in Louisiana lack juridical capacity. Because the Houma Police Department is not capable of being sued, it is not a proper party and the claims against it must be dismissed as frivolous or for failure

---

[6] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

to state a claim for which relief can be granted." (citations omitted)), adopted, 2020 WL 4785079 (E.D. La. Aug. 18, 2020); Richard v. Houma Police Department, Civ. Action No. 19-12892 c/w 19-13281, 2020 WL 686165, at *2 (E.D. La. Jan. 23, 2020) (same), adopted, 2020 WL 638890 (E.D. La. Feb. 11, 2020); Keaghey v. Houma Police Department, Civ. Action No. 19-12713, 2019 WL 5903469, at *1 (E.D. La. Oct. 17, 2019) ("[T]he law is well-settled that in order to set forth a cognizable claim under § 1983, an aggrieved party must allege that the defendant, a 'person' acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  On that score, police departments of cities like the [Houma Police Department] are not considered to be 'persons' within the meaning of § 1983." (citation omitted)), adopted, 2019 WL 5894296 (E.D. La. Nov. 12, 2019).

## II.  Claims Against Assistant District Attorney Amanda Mustin

Plaintiff also sued Assistant District Attorney Amanda Mustin for her role in his state criminal proceeding.  The claims against Mustin are barred by her absolute prosecutorial immunity.  As the United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. …
> … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).  "[T]he Fifth Circuit has held prosecutors absolutely immune for actions ranging from withholding exculpatory evidence, disobeying discovery orders, and fabricating evidence, to

4

charging without probable cause pursuant to a constitutionally deficient indictment, and committing prosecutorial misconduct." Willis v. Bastrop County, No. A-18-CV-0093, 2019 WL 252051, at *5 (W.D. La. Jan. 17, 2019) (citing Green v. Texas Government, 704 F. App'x 386, 386-87 (5th Cir. 2017)), adopted, 2019 WL 2572538 (W.D. Tex. Feb. 11, 2019). The United States Supreme Court has observed:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice.

Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976) (footnote omitted). Where, as here, a plaintiff is challenging a prosecutor's actions "intimately associated with the judicial phase of the criminal process," his civil claims must fail because the prosecutor's actions are ones to which "absolute immunity appl[ies] with full force." Id. at 430.[7]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

[7] Out of an abundance of caution, the undersigned notes that although a prosecutor has absolute immunity with respect to actions taken in her role as an officer of the court, such immunity may not apply to actions taken while engaged in "other tasks," such as "investigative or administrative tasks." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009). However, plaintiff's claims here do not concern such tasks; rather, his claims concern actions Mustin has taken (or failed to take) as the state's advocate in his criminal proceeding.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this __15th__ day of September, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**